Argued March 21, affirmed April 3, 1957

## WELLMAN *v.* WELLMAN

309 P. 2d 173

*C. L. Marsters,* Dallas, argued the cause and filed a brief for appellant.

*Philip Hayter,* Dallas, argued the cause for respondent. With him on the brief was Kenneth E. Shetterly, Dallas.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER, Justices.

PER CURIAM.

This is an appeal from a decree of the circuit court modifying the original decree of divorce.

The original decree in the uncontested suit awarded custody of the seven minor children of the parties to

the plaintiff. The modified decree, from which this appeal is taken, awarded the custody of the two youngest children, a boy now 14 years of age, and a girl now 12 years of age, to the defendant, together with support money in the sum of $50 per month for each child.

The trial court made the following Findings of Fact:

"1. The parties were married October 5, 1928. Eight children were born as the issue of their marriage, seven of whom were living and were minors at the time the decree was given in this suit. Since the entry of the decree the three oldest children of the marriage have attained their majority, but the four youngest children are still minors and wards of this Court, namely, Ann Marie Wellman, born March 24, 1936, Ralph Oliver Wellman, born September 27, 1939, Frank Leroy Wellman, born September 11, 1942, and Linda Sue Wellman, born July 23, 1944. At the time of the hearing of this matter all of said minor children were living in the care and custody of the plaintiff.

"2. After the decree was given in this suit and before its entry, the defendant resumed living in the plaintiff's home, and during most of the 1947-48 school year, the parties exercised joint care and control of the children, but did not cohabit as man and wife. The defendant returned to the home in order to care for the youngsters and enable the two oldest children of the marriage to continue their high school education. In this and in other ways she has demonstrated her concern for the welfare of all the children of the marriage. In the Spring of the year 1948 the defendant again left the home of the plaintiff and since that time the younger children of the marriage have been successively cared for by the daughters Leila Irene Wellman, Pansy Letty Wellman and Florence Yvonne Wellman, until their respective marriages. Upon the marriage of said Florence Yvonne Wellman in or

about the year 1951, the minor child of the parties Ann Marie Wellman terminated her high school education at the end of her freshman year and has not since resumed her education. Since that time the primary responsibility and burden of the care, control, nurture, supervision and raising of the three youngest children of the marriage has fallen upon and been borne by said Ann Marie Wellman.

"3. Ann Marie Wellman has done a commendable job of caring for her younger brother and sisters despite the fact that she has labored under serious handicaps and difficult circumstances. The plaintiff has not remarried. Since the entry of the decree, the plaintiff has not purchased a home, has not engaged a housekeeper or other outside help for the care of the children, and has not furnished the older daughters of the marriage, and particularly Ann Marie Wellman, with many of the ordinary household conveniences necessary or useful for their proper care of the children, although he had the financial ability to do so. In addition, the plaintiff has permitted the children Florence Yvonne Wellman and Ann Marie Wellman to terminate their education before graduation from high school or attaining the age of 18 years, under circumstances which do not appear to be in the best interests of the children, and has failed to display a normal parental concern for the completion of a minimum education for the children of the marriage.

"4. The plaintiff does not have a stabilized home life, whereas the defendant does. The defendant is now married to Henry R. Berlin, who is 42 years of age and impresses the Court as a reliable man of good habits and of good moral character. The defendant and her present husband would offer the two youngest children of the marriage affection, security, proper care and education and a good home.

"5. The defendant transgressed the moral code in or about the year 1949 when she conceived and gave birth to an illegitimate child, now aged five

years, who is now in her care. However, the evidence does not show that her misconduct had any direct bearing upon the welfare of the minor children involved in this proceeding or resulted in their injury. Since that time she has reclaimed herself and shown true repentance for her act of indiscretion, and her present devotion to and concern for her children outweigh her past shortcomings.

"6. As of the present time, the evidence indicates that both parties are fit and proper to have the custody of the minor children of the marriage insofar as present moral qualifications are concerned.

"7. Since the decree was given the circumstances of the parties and of the minor children have materially changed in the respects herein indicated, among others. The defendant has sustained the burden of proof in establishing such material change of circumstances since the decree, and such changes have a direct bearing upon the welfare and best interests of said minor children.

"8. The children Frank Leroy Wellman and Linda Sue Wellman are of tender years, and in the years immediately ahead, and particularly insofar as the girl Linda Sue is concerned, they will need the security of an established, normal home and the love, attention and thoughtful care that only their mother can give them. The evidence satisfies the Court that it is in the best interests of the children, particularly with reference to the future years, that their care and custody be now committed to the defendant.

"9. The division of the custody of the four minor children of the marriage resulting from this hearing will not, under all the circumstances, seriously affect the welfare and best interests of the children, particularly when viewed in light of the age and personal inclinations of the two older children.

"10. The plaintiff should be granted the most liberal of visitation rights with respect to the two youngest children.

"11. The Court notes that the child Ann Marie Wellman, although approaching her nineteenth birthday, is still a ward of this Court. The termination of her education at the age of approximately 15 years is deemed regrettable and the plaintiff's proposal to have her continue in the years ahead in her present capacity of housekeeper and mother for himself and the younger children does not appeal to the Court as conducive either to her welfare or that of the younger children. The Court feels that if she is no longer required to care for the two youngest children, she will be able to resume her education, or, at the very least, otherwise make a life for herself and take her proper place in society. The Court does not feel that she should be expected or required to continue in her present role in loco parentis as to said younger children.

"12. The sum of $50.00 per month per child is a reasonable and requisite amount for the plaintiff to contribute toward the nurture and education of said minor children of the parties. The plaintiff is able to pay such amount, in the circumstances."

The plaintiff contends the evidence adduced does not support these findings.

We have carefully examined the testimony and are of the opinion that the evidence offered fully justifies the findings of the trial court and that a proper decree was entered.

The decree of the trial court is affirmed, and an award of $250 for defendant's attorney's fee is allowed.